IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00234-BNB-OES

BARBARA FREEMAN,

Petitioner,

v.

JOSEPH ORTIZ, Executive Director, Colorado Department of Corrections,

Respondent.
_____

**ORDER**
_____

This matter is before me on the **Application for a Writ of Habeas Corpus** (the "Application"), filed on February 4, 2005, by Barbara Freeman (the "petitioner") pursuant to 28 U.S.C. § 2254. The respondent filed an Answer to Application for Writ of Habeas Corpus (the "Answer") on March 16, 2005, and the petitioner filed a Reply to Answer to Application for Writ of Habeas Corpus (the "Reply"). For the following reasons, the Application is DENIED.

## I.  THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, her application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. Demarest, 130 F.3d at 941.

## II. BACKGROUND

The background facts of this case are stated by the Colorado Court of Appeals as follows:

> Defendant, Barbara A. Freeman, appeals the judgment and sentence entered on jury verdicts finding her guilty of attempted first degree murder, two counts of attempted second degree murder, and conspiracy to commit first degree murder. We affirm.
>
> Defendant and her husband were estranged from defendant's daughter, who had moved from defendant's home in California to Colorado with her child and her boyfriend. When defendant's attempt to gain legal custody of the daughter's child failed, she and her husband drove to Colorado. Defendant's husband attached a pipe bomb to an automobile occupied by the daughter and her boyfriend. He attempted to detonate the bomb by remote control, and it produced a loud noise, but did not explode. The daughter got out of the car, and defendant's husband shot her twice, but failed to kill her. The husband was arrested at the scene and was subsequently convicted of crimes arising out of this incident. See People v. Freeman, 47 P.3d 700 (Colo. App. 2001).
>
> On the same day the bombing and shooting incident occurred, defendant flew to Nevada. She was met there by agents of the Federal Bureau of Alcohol, Tobacco and Firearms, who encouraged her to return to Colorado, which she did the next day. She was questioned extensively by federal agents and Colorado police officers and eventually made statements implicating herself in the bombing and shooting incident.

*Answer*, Appendix D, pp. 1-2.

The petitioner by motion in the trial court sought to suppress the statements. Id. at Appendix A, p. 9. The trial court ruled that the actions of the police were not so coercive as to render the petitioner's statements involuntary. Id. at pp. 9-10. The appellate court affirmed the trial court's finding that the statements were voluntary. Id. at Appendix D, p. 6. The Colorado Supreme Court denied certiorari review on March 8, 2004. Id. at Appendix G. The petitioner now seeks habeas corpus relief.

### III.  ANALYSIS

### A.  Petitioner's Request for an Evidentiary Hearing

The petitioner requests an evidentiary hearing on the Application.  An evidentiary hearing is necessary only under the following circumstances:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A)  the claim relies on--
>
> (I)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>
> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence;  and
>
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Here, the petitioner has failed to demonstrate the existence of any of the requisites for an evidentiary hearing.  Accordingly, the petitioner's request for an evidentiary hearing is DENIED.

### A.  Petitioner's Claim

The petitioner claims that the trial court violated her Fifth Amendment rights when it admitted inculpatory statements, made by the petitioner, that were obtained by law enforcement officers through coercion.[1]  The petitioner exhausted this claim in the state courts.  Therefore, the

---

[1] In the section entitled "Grounds for Relief," the petitioner asserts both the Fifth Amendment claim and a claim for violation of the Confrontation Clause.  The Confrontation

Application can be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

The applicable federal law on this issue is clearly established.  The voluntariness of a statement "depends upon the totality of the circumstances, including the crucial element of police coercion, the length of the interrogation and its continuity, the defendant's maturity, education, physical condition, and mental health, and the failure of the police to advise the defendant of his rights to remain silent and to have counsel present during the custodial interrogation."  Trice v. Ward, 196 F.3d 1151, 1170 (10th Cir.1999) (internal quotations omitted) (quoting Withrow v. Williams, 507 U.S. 680, 693-94 (1993)).  The prosecution has the burden to prove voluntariness by a preponderance of the evidence.  United States v. McCullah, 76 F.3d 1087, 1100 (10th Cir. 1996).

The state appellate court upheld the trial court's denial of the petitioner's motion to suppress the statements as follows:

> Defendant contends that her statements to the police on December 22 and 23, 1996, were involuntary and that the trial court committed reversible error when it denied her motion to suppress.  We disagree.
>
> When the voluntariness of a defendant's statement is challenged, the prosecution must establish by a preponderance of the evidence that the statement was made voluntarily.  The essential question is

---

Clause claim is not addressed anywhere in the body of the Application, nor is it addressed in the Reply.  Consequently, I find that the petitioner is asserting only the Fifth Amendment claim.

whether, considering the totality of the surrounding circumstances, the defendant's will was overborne by coercive governmental conduct, either physical or mental, that played a significant role in inducing the statement. Deliberate exploitation of a defendant's weakness by psychological intimidation can, under some circumstances, constitute coercion.

The trial court's ruling on a motion to suppress involves both findings of fact and conclusions of law. The trial court's factual findings of the circumstances surrounding the statement are entitled to deference and will not be disturbed if they are supported by evidence in the record. However, an ultimate conclusion of constitutional law that is inconsistent with or unsupported by evidentiary findings is subject to correction by a reviewing court.

Defendant argues that her statement to the police on December 22 was involuntary because she was not advised of her rights, she was questioned for six hours by three officers, and she was extremely upset, sleep deprived, and taking several medications. Defendant also argues that the voluntariness factors in People v. Gennings, 808 P.2d 839 (Colo. 1991), all indicate that her videotaped statement to the police on December 23 was involuntary. We are not persuaded.

The trial court found that defendant was not in custody during the interviews. It considered the evidence that defendant had not slept or eaten much prior to the interviews, her mental and physical conditions, the length and style of the interviews, and the location of the questioning. The court then determined that the police did not engage in any overreaching or coercive activity. The court thus denied the motion to suppress.

We agree with the trial court that the record does not reveal any overreaching or coercive conduct by the police. The record shows that they were courteous and considerate of defendant. They arranged for her to have her clothing, personal effects, and medicines that had been seized when her husband was arrested. They offered to delay the interview for two days, but proceeded sooner at her request. The videotaped interview reveals a persistent, but not overly aggressive style of questioning. While the officer told defendant that he did not believe her, he did not berate, belittle, or humiliate her. The videotape and the testimony of the officers, who conducted the interview on December 22 simply do

not show any coercive police conduct. At the suppression hearing, defendant testified to the contrary, and while the trial court did not make an explicit finding, it is apparent from the order that it did not credit her testimony.

Defendant's argument that her weariness and medications prevented her from acting voluntarily is refuted by the videotape of her second interview. On the tape, defendant appears tired and at times upset, but mostly she was calm and controlled. Her memory of recent and past events appeared to be intact. The tape also shows that she was responsive to the questions and articulate in her answers. Her condition at the time of the first statement would most likely have been similar to her condition on the second day because the record shows that she had only a few hours sleep in the intervening night and was taking the same medications. In summary, the tape does not show the police taking advantage of an exhausted and overmedicated person.

Defendant was not advised of her rights during the first interview, but the trial court found, with record support, that she was not in custody. She came to the police station voluntarily, was told she was free to leave, and left when the interview was finished. Therefore, no advisement was required.

Defendant does not dispute that she was advised of her constitutional rights during the taped interview, but argues that she did not understand her rights. Again, the tape refutes the argument. Defendant once refused to answer a question and several times referred to the fact that she was free to go, thus showing her understanding of her rights and the voluntary nature of her presence at the interview.

Finally, defendant argues that her statements were induced both by a promise that she could see her husband after she gave a statement and a threat that she could not see her husband until she gave a statement. Statements from a defendant may not be obtained by threats or direct or implied promises.

Defendant relies on her "impression" that threats or promises were made, but she did not identify who made them. The officers who conducted the interview on December 22 denied making threats or promises, and the taped interview does not show any such threat or promise. Therefore, the trial court's implicit finding that

7

>    defendant's statements were not improperly induced by a threat or
>    promise is supported by the record.
>
>    Critical to any finding of involuntariness is the existence of coercive
>    governmental conduct, either physical or metal, that plays a
>    significant role in inducing a confession or an inculpatory statement.
>    The trial court found no coercive police conduct, and the record
>    supports that finding. Accordingly, the court did not err in denying
>    the defendant's motion to suppress her statements.

*Answer*, Appendix D, pp. 2-6 (internal quotations and citations omitted).

I find that the appellate court's resolution of this claim was not contrary to established federal law, nor did it result in an unreasonable determination of the facts presented in the state court proceeding. Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner does not provide any clear and convincing evidence to rebut the factual determinations made by the state court. Therefore, I find no basis upon which to grant the petitioner's Application with regard to this claim. 28 U.S.C. § 2254(d).

### IV.  CONCLUSION

IT IS ORDERED that the Application is DENIED.

FURTHER, IT IS ORDERED that the petitioner's request for an evidentiary hearing is DENIED.

Dated October 12, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge